UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MIGUEL TADEO, ERNESTO VILLEGAS, and AURELIANO TLETALPA, individually and on behalf of all other persons similarly situated who were employed by ABITINO FOODS, INC. and MARIO ABITINO, individually, <br><br> Plaintiff, <br><br> - against - <br><br> ABITINO FOODS, INC. d/b/a ABITINO'S PIZZERIA, and MARIO ABITINO, individually, <br><br> Defendants. | Case No.: 16-cv-2432 <br><br> **FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION COMPLAINT** <br><br> Jury Demand Requested |

The Named Plaintiffs, by their attorneys, Virginia & Ambinder, allege upon knowledge to themselves and upon information and belief as to all other matters as follows:

### PRELIMINARY STATEMENT

1. This action is brought pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §§ 207, and 216(b); New York Labor Law § 190 *et seq.*; New York Labor Law §§ 663 and 650 *et seq.*; and 12 New York Codes, Rules, and Regulations (hereinafter referred to as "NYCRR") §§ 146-1.4 and 146-1.6 to recover overtime compensation, spread of hours compensation, and damages arising from record-keeping violations owed to Miguel Tadeo, Ernesto Villegas, and Aureliano Tlatelpa (hereinafter referred to as the "Named Plaintiffs"), and all similarly situated persons who are presently or were formerly employed by Abitino Foods, Inc. d/b/a Abitino Pizzeria (hereinafter referred to as "Corporate Defendant" or "Abitino Pizzeria"), and Mario Abitino, individually (hereinafter collectively referred to as "Defendants") at three different locations throughout New York City (hereinafter collectively referred to as "Plaintiffs").

2. Beginning in approximately March 2010 and, upon information and belief, continuing through the present, Defendants have engaged in a policy and practice of requiring their

employees to regularly work in excess of forty (40) hours per week, without providing overtime compensation, and failing to pay spread of hours compensation as required by applicable federal and state law.

3. Beginning in approximately March 2010, Defendants engaged in a policy and practice of failing to provide Plaintiffs with wage notices and wage statements in Plaintiffs' primary language, as required by applicable New York State law.

4. Under the direction of Corporate Defendant's owners, shareholders, corporate officers, and/or directors, Defendants instituted this practice of depriving their employees of compensation for work performed as mandated by federal and state law.

5. The Named Plaintiffs, on behalf of themselves and all other similarly situated individuals, have initiated this action seeking all compensation, including unpaid overtime compensation and spread of hours compensation they were deprived of, plus interest, damages, attorneys' fees, and costs.

## JURISDICTION

6. Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331 and 1337. This court also has supplemental jurisdiction under 28 U.S.C. § 1367 of the claims brought under the New York Labor Law.

## VENUE

7. Venue for this action in the Southern District of New York under 28 U.S.C. § 1391(b) is appropriate because a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of New York.

## THE PARTIES

8. Plaintiff Miguel Tadeo is an individual who resides in New York, and who

formerly worked for Defendants as a food delivery person, food preparer, dishwasher and cleaner from approximately April 2010 to November 2010, and again from March 2011 to August 2011.

9. Plaintiff Ernesto Villegas is an individual who resides in New York, and who formerly worked for Defendants as a food preparer and cook from approximately 2008 to February 2016.

10. Plaintiff Aureliano Tlatelpa is an individual who resides in New York, and who formerly worked for Defendants as a food preparer and cook from approximately July 2012 to February 2016.

11. Upon information and belief, Defendant Abitino Foods, Inc. d/b/a Abitino Pizzeria is a business located at 733 Second Avenue, New York, New York 10016, and is engaged in the restaurant business.

12. Upon information and belief, Mario Abitino is a resident of 155 Weaver Street, Staten Island, New York 10312-5414 and is/or at all relevant times was, an officer, director, president, vice president, and/or owner of Corporate Defendant.

## FLSA COLLECTIVE ACTION AND RULE 23 CLASS ALLEGATIONS

13. This action is properly maintainable as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), and as a class action under Rule 23 of the Federal Rules of Civil Procedure (hereinafter referred to as the "FRCP") with respect to the New York Labor Law claims asserted herein.

14. This action is brought on behalf of the Named Plaintiffs and a class consisting of similarly situated employees who performed work for Defendants as delivery persons, food preparers, cooks, dishwashers, cleaners and other similar tasks in furtherance of Defendants' restaurant business, other than office and executive personnel.

15. The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of 40 employees. In addition, the names of all potential members of the putative class are not known.

16. The questions of law and fact common to the putative class predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to, whether the Defendants failed to pay overtime wages, at the rate of one and one half times the regular rate of pay, for all hours worked in excess of forty (40) hours in any given week; and whether the Defendants failed to pay one additional hour of pay at the basic minimum hourly rate each day on which the spread of hours exceeds 10.

17. The claims of the Named Plaintiffs are typical of the claims of the putative class. The Named Plaintiffs and putative class were all subject to Defendants' policies and willful practices of failing to pay overtime wages, at the rate of one and one half times the regular rate of pay, for all hours worked in excess of forty (40) hours in any given week and failing to pay spread of hours compensation.

18. The Named Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class. The Named Plaintiffs have retained counsel experienced in complex wage and hour class action litigation.

19. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The Named Plaintiffs and putative class lack the financial resources to adequately prosecute separate lawsuits against Defendants. A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendants' policies.

**FACTS**

20. Beginning in or about March 2010, Defendants employed numerous individuals at Defendants' pizzerias to perform work as delivery persons, food preparers, cooks, dishwashers and cleaners, and other similar restaurant-related tasks.

21. Upon information and belief, under 29 U.S.C. § 201, *et seq.*, and the cases interpreting same, Corporate Defendant constitutes an "enterprise engaged in commerce."

22. Upon information and belief, Defendants' gross yearly revenues are in excess of $500,000.00.

23. Upon information and belief, Plaintiffs constitute or constituted "employees," as that term is defined under 29 U.S.C. § 203(e), New York Labor Law § 651, and case law interpreting the same.

24. The payments made to Plaintiffs by Defendants constitute "wages," as that term is defined under New York Labor Law § 651.

25. While working for Defendants, Plaintiffs were regularly required to perform work for Defendants, without receiving proper overtime compensation and spread of hours compensation as required by applicable federal and state law.

26. While working for Defendants, Plaintiffs were not provided with wage notices and wage statements in Plaintiffs' primary language, as required by applicable New York State law.

27. Plaintiff Tadeo worked for Defendants primarily at the 1435 Broadway, New York, New York 10018 location, but also worked at the 733 2nd Ave, New York, NY 10016 and the 936 Second Avenue, New York, New York 10022 locations.

28. Plaintiff Tadeo worked as a food delivery person, food preparer, dishwasher and cleaner, and performed other similar restaurant-related tasks, from approximately April 2010 to

November 2010, and again from March 2011 to August 2011.

29. While working for Defendants, Plaintiff Tadeo normally worked 6 days per week from approximately 10:00 a.m. until 11:30 p.m, including one 30 minute break.

30. While working for the Defendants, Plaintiff Tadeo was paid approximately $250.00 in cash per week, plus an additional $250.00 to $300.00 in cash tips per week.

31. Plaintiff Tadeo was not paid overtime at time and one-half his regular hourly wage for all the hours over 40 that he worked.

32. Plaintiff Tadeo was required to work more than ten (10) hours per day and never received from Defendants "spread of hours" pay in compensation.

33. Plaintiff Villegas worked for Defendants at the 733 2nd Ave, New York, NY 10016 location.

34. Plaintiff Villegas worked as a food preparer and cook, and performed other similar restaurant-related tasks, from approximately 2008 to February 2016.

35. While working for Defendants, Plaintiff Villegas normally worked 6 days per week from approximately 11:00 a.m. until 11:00 p.m., including one 30 minute break.

36. While working for the Defendants, Plaintiff Villegas was paid approximately $11.00 per hour by check, totaling $440.00 per week, plus an additional $330.00 per week in cash.

37. Plaintiff Villegas was not paid overtime at time and one-half his regular hourly wage for all the hours over 40 that he worked.

38. Plaintiff Villegas was required to work more than ten (10) hours per day and never received from Defendants "spread of hours" pay in compensation.

39. Plaintiff Tlatelpa worked for Defendants at the 1435 Broadway New York, New York 10018 location.

40. Plaintiff Tlatelpa worked as a food preparer and cook from approximately July 2012 to February 2016.

41. While working for Defendants, Plaintiff Tlatelpa normally worked 5 days per week from approximately 9:00 a.m. to 9:00 p.m., including one 30 minute break.

42. While working for Defendants, Plaintiff Tlatelpa was paid approximately $11.00 to $12.00 per hour by check, totaling $480.00 per week, plus an additional $234.00 per week in cash.

43. Upon information and belief, Defendants failed to properly document and record the actual number of weekly hours Plaintiffs worked and their wages paid.

44. Defendants failed to provide Plaintiffs with annual wage notices, including information such as the rate of pay and any allowances claimed as part of the minimum wage.

45. Throughout Plaintiffs' employment, Defendants failed to provide Plaintiffs with an accurate wage statement with ever payment of wages, containing information such as dates of work, rates of pay for regular and overtime hours, and number of regular hours and overtime hours worked.

46. Upon information and belief, Defendant Abitino is or was an officer, director, shareholder, and/or president or vice president of the Corporate Defendant, and (i) had the power to hire and fire employees; (ii) supervised and controlled employee work schedules or conditions of employment; (iii) determined the rate and method of payment for employees; and (iv) maintained employment records.

47. Upon information and belief, Defendant Abitino dominated the day-to-day operating decisions of Corporate Defendant, made major personnel decisions for Corporate Defendant, and had complete control of the alleged activities of Corporate Defendant that give rise

to the claims brought herein.

48. Upon information and belief, Defendant Abitino is or was a supervisor, officer and/or agents of Corporate Defendant, who acted directly or indirectly in the interest of Corporate Defendant, and are or were an employer within the meaning of the Fair Labor Standards Act. Defendant, in his capacity as an officer, director, shareholder, and/or president or vice president, actively participated in the unlawful method of payment for Corporate Defendant's employees.

### FIRST CAUSE OF ACTION AGAINST DEFENDANTS:
### FLSA OVERTIME COMPENSATION

49. The Named Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 48 hereof.

50. Pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 207, "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

51. Further, pursuant to 29 U.S.C. § 203(d), an "employer" includes "any person acting directly or indirectly in the interest of an employer . . . ."

52. Named Plaintiffs and other members of the putative class are employees, within the meaning contemplated in Fair Labor Standards Act ("FLSA"), 29 U.S.C. §203(e).

53. Defendants constitute "employers" within the meaning contemplated in the FLSA, 29 U.S.C. § 203(d) and consequently, are liable for violations of the FLSA. § 203(d).

54. Defendants failed to pay the Named Plaintiffs and other members of the putative class all earned overtime wages, at the rate of one and one half times the regular rate of pay, for the time in which they worked after the first 40 hours in any given week.

55. Upon information and belief, the failure of Defendants to pay the Named

Plaintiffs and other members of the putative class their rightfully owed overtime compensation was willful.

56. By the foregoing reasons, Defendants are liable to the Named Plaintiffs and other members of the putative class in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

## SECOND CAUSE OF ACTION AGAINST DEFENDANTS: <u>NEW YORK STATE OVERTIME COMPENSATION</u>

57. The Named Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 57 hereof.

58. Pursuant to Articles 6 and 19 of the New York Labor Law, workers, such as the Named Plaintiffs and other members of the putative class, are protected from wage underpayments and improper employment practices.

59. Title 12 NYCRR § 146-1.4 requires that "[a]n employer shall pay an employee for overtime at a wage rate of 1 1/2 times the employee's regular rate for hours worked in excess of 40 hours in one workweek…."

60. Pursuant to New York Labor Law § 651, the term "employee" means "any individual employed or permitted to work by an employer in any occupation."

61. As persons employed for hire by Defendants, the Named Plaintiffs and other members of the putative class are "employees," as understood in Labor Law § 651 and case law interpreting the same.

62. Defendants are "employers" within the meaning of § 651.

63. Upon information and belief, pursuant to New York Labor Law §§ 190 *et seq.*, 650 *et seq.*, and the cases interpreting same, Defendants are "employers."

64. The Named Plaintiffs and other members of the putative class worked more than

forty hours per week while working for Defendants.

65. Upon information and belief, the Named Plaintiffs and other members of the putative class did not receive the New York statutory overtime compensation for all hours worked after the first forty hours of work in a week.

66. Consequently, by failing to pay to the Named Plaintiff and other members of the putative class overtime compensation, Defendants violated New York Labor Law §§ 650 *et seq.*, and 663; and 12 NYCRR § 146-1.4.

67. Upon information and belief, Defendants' failure to pay the Named Plaintiffs and other members of the putative class overtime compensation was willful.

68. By the foregoing reasons, Defendants have violated New York Labor Law §§ 650 *et seq*. and 663; and 12 NYCRR § 146-1.4, and are liable to the Named Plaintiffs and other members of the putative class in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs.

### THIRD CAUSE OF ACTION AGAINST DEFENDANTS: NEW YORK STATE SPREAD OF HOURS COMPENSATION

69. The Named Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 54 hereof.

70. Title 12 NYCRR §146.16(a) requires that, "[o]n each day on which the spread of hours exceeds 10, an employee shall receive one additional hour of pay at the basic minimum hourly rate."

71. The Named Plaintiffs and other members of the putative class worked more than 10 hours in a day.

72. Upon information and belief, Defendants did not pay the Named Plaintiffs and other members of the putative class an additional hour's pay when they worked more than 10 hours

in a day.

73. Consequently, by failing to pay to the Named Plaintiffs and other members of the putative class an additional hour's pay when they worked more than 10 hours in a day, Defendants violated 12 NYCRR § 146-1.6(a).

74. Upon information and belief, Defendants' failure to pay "spread of hours" compensation for work performed by the Named Plaintiffs and other members of the putative class after 10 hours in a day was willful.

75. By the foregoing reasons, Defendants have violated 12 NYCRR § 146-1.6(a), and are liable to the Named Plaintiffs and other members of the putative class in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

**FOURTH CAUSE OF ACTION AGAINST DEFENDANTS:**
**NYLL NOTICE AND RECORD KEEPING REQUIREMENTS**

76. The Named Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 76 hereof.

77. Defendants failed to provide the Named Plaintiffs and other members of the putative class with a wage notice in Plaintiffs' primary language, Spanish, on or before February first of each year of Plaintiffs' employment containing information outlined in NYLL § 195(1), including information such as the rate of pay, any allowances claimed as part of the minimum wage.

78. Defendants failed to provide the Named Plaintiffs and other members of the putative class with a wage statement with every payment of wages containing information outlined in NYLL § 195(3), including information such as the rate of pay, basis of pay, gross wages, and any allowances claimed as part of the minimum wage.

79. As a result of Defendants' violations of NYLL § 195(1) and (3), the Named

Plaintiffs and other members of the putative class may recover damages of fifty dollars (50) for each work week Defendants failed to provide Plaintiffs with a wage notice, and damages of one hundred (100) dollars for each work week Defendants failed to provide Plaintiffs with a wage statement, not to exceed a total of twenty-five hundred (2,500) dollars for each violation, together with costs and reasonable attorney's fees in accordance with NYLL § 198.

**WHEREFORE**, Plaintiff, individually and on behalf of those similarly situated, demands judgment:

(1) on the first cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs;

(2) on the second cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs;

(3) on the third cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs;

(4) on the fourth cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs;

(5) Any further relief the Court may deem appropriate.

Dated: New York, New York
April 1, 2016

By: __/s/ Lloyd Ambinder, Esq._____
Lloyd Ambinder, Esq.
Milana Dostanitch, Esq.
Virginia & Ambinder, LLP
40 Broad Street, 7th Floor
New York, New York 10004
lambinder@vandallp.com
Tel: (212) 943-9080
Fax: (212) 943-9082

*Attorneys for Plaintiffs and Putative Class*