UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MIGUEL TADEO, ERNESTO VILLEGAS, and AURELIANO TLETALPA, individually and on behalf of all other persons similarly situated who were employed by ABITINO FOODS, INC. and MARIO ABITINO, individually,

Plaintiff,

- against –

ABITINO FOODS, INC. d/b/a ABITINO'S PIZZERIA, and MARIO ABITINO, individually,

Defendants.

Case No.: 16-cv-2432

SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release, along with all exhibits annexed hereto, ("Agreement") is entered into by and between Plaintiffs MIGUEL TADEO, ERNESTO VILLEGAS, and AURELIANO TLETALPA ("Named Plaintiffs") on behalf of themselves and the members of the "Settlement Class" (as hereinafter defined) and Defendants ABITINO FOODS, INC. d/b/a ABITINO'S PIZZERIA, ABITINO'S PIZZA AND RESTAURANT, INC., NO. 2 d/b/a ABITINO'S PIZZERIA, ABITINO'S PIZZA, 49TH STREET CORP. d/b/A ABITINO'S PIZZERIA, and MARIO ABITINO Sr., MARIO ABITINO, Jr., DOMINICK ABITINO, and SALVATORE ABITINO, individually, and any related companies ("Defendants," or "Abitinos" and together with the Named Plaintiffs, the "Parties").

## RECITALS AND BACKGROUND

A. Named Plaintiffs filed a Class Action Complaint, which is now pending in the United States District Court, Southern District of New York (the "Court"), designated as Case No. 16-cv-2432 (PAE) (the "Action").

B. Abitinos has defended and intends to vigorously contest each and every claim in the Action, denies all material allegations of the Action, as to which Abitinos alleges numerous meritorious defenses. Abitinos, without admitting any wrongdoing or liability, nevertheless has agreed to enter into this Agreement to avoid further expense, inconvenience and the distraction of burdensome and protracted litigation, and to be completely free of any further controversy with respect to the claims that were asserted or could have been asserted in, or relate in any way whatsoever to the Action.

C. Virginia & Ambinder, LLP ("Plaintiffs' Counsel") analyzed and evaluated the merits of the claims made against Abitinos and the impact of this Agreement on Named Plaintiffs and Class Members and based upon their analysis and evaluation of a number of factors, including Defendants' financial viability, and recognizing the substantial risks of

continued litigation, including the possibility that the Action, if not settled now, might not result in any recovery whatsoever, Plaintiffs' Counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable and adequate and that this Agreement is in the best interest of the Named Plaintiffs and Class Members.

D. The parties, by and through their respective counsel, have engaged in extensive in-person settlement discussions, including mediation before Magistrate Judge Katharine H. Parker, in connection with the potential resolution of the Action. Named Plaintiffs, the Settlement Class (as hereinafter defined) and Abitinos – subject to the approval of the Court – have elected to settle the Action pursuant to the terms set forth in this Agreement, which shall be submitted to the Court for approval through the mechanisms set forth below.

NOW THEREFORE, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties agree to a full and complete settlement of the Action on the following terms and conditions:

1. **DEFINITIONS**

The defined terms set forth in this Agreement have the meanings ascribed to them below.

1.1 **Abitinos' Counsel.** "Abitinos' Counsel" means Anthony G. Mango, Esq., Mango & Iacoviello, LLP, 14 Penn Plaza, Suite 1919, New York, New York 10122.

1.2 **Authorized Claimant.** "Authorized Claimant" means the Named Plaintiffs, a Class Member or the authorized legal representative of such member, who timely files a completed Claim Form, and a completed W-4 Form, and who is therefore entitled to receive a Settlement Check. The Named Plaintiffs are deemed Authorized Claimants upon execution of this Agreement.

1.3 **Bar Date.** "Bar Date" means the date by which any Class Member who wishes to qualify as an Authorized Claimant must file a Claim Form, except as otherwise provided herein. Subject to the Court's approval, the Bar Date shall be (1) sixty (60) days after the initial mailing of Notice by Class Counsel.

1.4 **Claim Form.** "Claim Form" means the Court-approved Claim Form and Release, along with a completed IRS Form W-4.

1.5 **Class and Class Member(s).** "Class" and/or "Class Member(s)" means: All individuals who were employed at all Abitino Pizzerias (at the following locations: (1) 733 Second Avenue; (2) 936 Second Avenue; (3) 1435 Broadway; or (4) 1592 First Avenue) from April 1, 2010 through December 31, 2015 (the "Class Members"). Corporate officers, shareholders, directors and administrative employees shall not be part of the proposed class.

**1.6** **Class Counsel.** "Class Counsel" or "Plaintiffs' Counsel" means James Emmet Murphy, Esq., Virginia & Ambinder, LLP, 40 Broad Street, 7th Floor, New York, New York 10004.

**1.7** **Class List.** "Class List" means a list in electronic format, preferably in Excel, that includes the names (first and last), last known mailing addresses, job classification, dates of employment(s) and social security numbers (for skip trace purposes only) for each Class Member.

**1.8** **Costs and Fees.** "Costs and Fees" means Plaintiffs' Counsels' attorneys' fees, costs, and expenses, not to exceed 29 percent of the Total Settlement Fund ($149,350.00).

**1.9** **Court.** "Court" means the United States District Court, Southern District of New York.

**1.10** **Days.** "Days" means business days if the specified number is less than ten (10), and calendar days if the specified number is ten (10) or greater.

**1.11** **Fairness Hearing.** "Fairness Hearing" means the hearing before the Court relating to the Application for Final Approval.

**1.12** **Final Order.** "Final Order" means the Order entered by the Court after the Fairness Hearing, approving the terms and conditions of this Agreement, authorizing distribution of the Settlement Checks and Service Awards, approving distribution of Costs and Fees, and dismissing the Action with prejudice.

**1.13** **Final Effective Date.** Provided no appeal is timely filed, the "Final Effective Date" means thirty (30) days after the Court has entered a Final Order. If such an appeal is timely filed, the latest of the following, if applicable, becomes the Final Effective Date: (1) any appeal from the Final Order has been finally dismissed; (2) the Final Order has been affirmed on appeal in a form substantially identical to the form of the Final Order entered by the Court; (3) the time to petition for review with respect to any appellate decision affirming the Final Order has expired; and (4) if a petition for review of an appellate decision is filed, the petition has been denied or dismissed, or, if granted, has resulted in affirmance of the Final Order in a form entered by the Court.

**1.14** **Final Settlement Amount.** "Final Settlement Amount" means the sum of the Net Settlement Fund plus all Court-approved Costs and Fees.

**1.15** **Individual Gross Amount.** "Individual Gross Amount" means the amount allocated to each individual Authorized Claimant pursuant to Section 6.2 prior to any deduction for tax purposes.

**1.16** **Individual Net Amount.** "Individual Net Amount" means the amount paid to the individual Authorized Claimants after proper taxes are removed pursuant to Section 6.2.

**1.17** **Net Settlement Fund.** "Net Settlement Fund" means the aggregate balance to be distributed to all Authorized Claimants after the deduction of Costs and Fees and Service Awards.

**1.18 Notice or Notices.** "Notice" or "Notices" means the Court-approved Notice of Proposed Settlement of Class Action Lawsuit.

**1.19 Objection.** "Objection" means a written statement that: (1) clearly identifies the written statement as an objection, such as "I object to the settlement in the Abitinos wage case"; (2) contains all reasons for the objection; (3) contains the Objector's name, address, and telephone number; and (4) is signed by the Objector.

**1.20 Objector.** "Objector" means an individual Authorized Claimant who properly files an objection to this Agreement.

**1.21 Opt-Out Statement.** "Opt-out Statement" means a written statement that: (1) unconditionally states a Class Member's intention to opt out, such as "I opt-out of the settlement in the Abitinos wage case"; (2) includes the Class Member's name, address, and telephone number; and (3) is signed by the Class Member.

**1.22 Preliminary Approval Order.** "Preliminary Approval Order" means the Order entered by the Court: (i) certifying the Settlement Class for settlement purposes; (ii) preliminarily approving the terms and conditions of this Agreement; (iii) directing the manner and timing of providing Notice to the Class Members; and (iv) setting the dates and deadlines for effectuating settlement, including the Bar Date, date of the mailing of Notice, and the Fairness Hearing date.

**1.23 Qualified Settlement Fund.** "Qualified Settlement Fund" or "QSF" means the account established and controlled by Abitinos' Counsel for the purposes of retaining and distributing the Final Settlement Amount in accordance with this Agreement.

**1.24 Released Class Claims.** "Released Class Claims" means any and all wage and hour claims under New York State law or Federal law that are based upon or arise out of the facts, acts, transactions, occurrences, events, or omissions alleged in this action through the date of the Preliminary Approval Order. The Released Class Claims include, but are not limited to, statutory, constitutional, contractual or common law claims for unpaid regular or overtime wages, penalties, damages, uniform expenses, uniform reiumbursements, liquidated damages, attorneys' fees, expenses, disbursements, litigation costs and fees, restitution, or equitable relief. The Released Class Claims do not include any non-related non-wage claims (whether before a court, administrative agency or otherwise).

**1.25 Released Abitinos.** "Released Abitinos" means Abitinos, along with its past, present, and future parents, subsidiaries, shareholders, insurers, officers, managers, owners, directors, employees, agents, attorneys, successors and assigns, in their individual and/or representative capacities.

**1.26 Service Award.** "Service Award" means the amount approved by the Court as a reasonable incentive award to the Named Plaintiffs for representing the interests of the Class Members.

**1.27  Settlement Checks.** "Settlement Checks" means checks issued to Authorized Claimants for their Individual Net Amount.

**1.28  Settlement Period.** "Settlement Period" means April 1, 2010 through December 31, 2015.

**1.29  Total Settlement Fund.** "Total Settlement Fund" means Five Hundred Fifteen Thousand Dollars ($515,000).

**1.30  Updated Address.** "Updated Address" means a mail and/or email address that was updated via a standard skip trace or an updated mail and/or email address provided by the United States Postal Service or a Class Member.

**1.31  W-4 Form.** "W-4 Form" means the current year Employee's Withholding Allowance Certificate published by the IRS, a copy of which is attached to the Claim Form.

**2.  SETTLEMENT PROCEDURE AND PRELIMINARY APPROVAL**

**2.1  Preliminary Approval Motion.**

    **A.**  Upon complete execution of this Agreement, Class Counsel shall file a Motion for Preliminary Settlement Approval ("Preliminary Approval Motion") no later than February 15, 2018. In connection with the Preliminary Approval Motion, Class Counsel will submit to the Court: (1) the proposed Notice, (2) the proposed Claim Form, (3) the proposed Preliminary Approval Order, and (4) an executed version of this Agreement.[1]

    **B.**  In the Preliminary Approval Motion, Class Counsel shall inform the Court of the intended process to obtain a "Final Order" in accordance with the Court-approved schedule, so that at the Fairness Hearing, the Court may, among other things: (1) approve the settlement as fair, adequate and reasonable; (2) incorporate the terms of the Release, as described herein; (3) dismiss the Action with prejudice; (4) award Costs and Fees, including any Service Awards; and (5) authorize distribution and payment to the Authorized Claimants.

    **C.**  Plaintiffs shall submit a draft of their Preliminary Approval Motion to Abitinos for Abitinos' review prior to filing. Plaintiffs will file the Preliminary Approval Motion as "unopposed." Abitinos may not oppose such application so long as it is consistent with the terms and conditions of this Agreement.

**2.2  Settlement Claims Administration.**

    **A.**  **Responsibilities of Class Counsel.** Without limiting any duties set forth elsewhere in this Agreement, Class Counsel shall be responsible for:

---

[1] The Parties proposed Notice, Claim Form, and Preliminary Approval Order are also attached to this Agreement as Exhibits A through C respectively.

(i) Distributing the Notice and Claim Form to Class Members in accordance with Section 2.3 and upon request from a Class Member.

(ii) Keeping accurate records of (1) the dates on which each Notice and Claim Form is mailed to Class Members; (2) the dates on which each Notice and Claim Form is emailed to Class Members; (3) all mailings and/or emails that were returned or non-deliverable; (4) all Updated Addresses; (5) all communications with Class Members; (6) all Claim Forms, Opt-Out Statements, and/or Objections received and the email, fax, or postmark date; (7) any incomplete or illegible Claim Forms along with attempts to cure; and (8) all payments made to and from the Qualified Settlement Fund.

(iii) Responding to inquiries from Class Members regarding Updated Addresses, procedures for filing Claim Forms, Objections, and Opt-Out Statements, confirming receipt of same, and referring all other inquiries by Class Members to Class Counsel.

(iv) Retaining the originals of all Claim Forms, Opt-Out Statements, and Objections, including originals of all envelopes accompanying these documents until such time that Class Counsel is relieved of its duties and responsibilities under this Agreement.

(v) Promptly providing an IRS Form W-9 to Abitinos so as not to delay the deposit of the Final Settlement Amount into the QSF;

B.  **Responsibilities of Abitinos.** Without limiting any duties set forth elsewhere in this Agreement, Abitinos shall be responsible for:

(vi) Referring to a competent tax service and/or calculating and handling tax payment and reporting in accordance with Section 6.5;

(vii) Referring to a competent tax service and/or issuing and distributing Settlement Checks and Court-approved Costs and Fees in accordance with Section 6.5; and

(viii) Any other tasks mutually agreed to by the Parties.

2.3 **Distribution of the Notice and Claim Form to Class Members.**

A.  Abitinos' Counsel will provide Class Counsel with the total number of workweeks per class member by **February 5, 2018**.

B.  Within ten (10) days after preliminary approval of this Settlement Agreement and Release by the Court, Abitinos' Counsel will provide Class Counsel with the

Class List. The Class List shall be treated as confidential by Class Counsel and not used for any purpose other than effectuating this settlement.

C. Within thirty (30) days after preliminary approval of this Settlement Agreement and Release by the Court, Class Counsel shall mail the Notice and Claim Form to Class Members via United States first Class Mail, postage prepaid.

D. If Class Members raise questions with Class Counsel relating to their employment with Abitinos and to the terms of this Agreement, Abitinos shall provide Class Counsel with all information in their possession necessary to address their questions in such detail and as quickly as reasonably possible.

E. In the event that, subsequent to the first mailing of the Notice and prior to the Claim Form Deadline, a Notice is returned to Class Counsel by the United States Postal Service with an Updated Address, Class Counsel shall re-mail the Notice and Claim Form to that address within two (2) days.

F. In the event that, subsequent to the first mailing of the Notice and prior to the Claim Form Deadline, a Notice is returned to Class Counsel by the United States Postal Service with no forwarding address, Class Counsel shall perform a standard skip trace in an effort to ascertain the Updated Address for the Class Member in question. If an Updated Address is ascertained, Class Counsel shall re-mail the Notice and Claim Form to that address within two (2) days.

## 2.4 Authorized Claimants

A. To be deemed an Authorized Claimant, Class Members must email, fax, or postmark the fully executed Claim Form by the Bar Date. Class Members whose notice was re-mailed in accordance with Section 2.3(E) or (F) shall be given an additional ten (10) days after the Bar Date to submit a timely Claim Form. Class Members with documented extraordinary circumstances, such as military service or hospitalization, shall be able to submit a timely Claim Form until fifteen (15) days before the Fairness Hearing.

B. Class Counsel shall stamp the email, fax, or postmark date on the original of each Claim form that it receives and email copies of all Claim Forms to Abitinos' Counsel on a weekly basis.

C. Class Members who submit an incomplete or illegible Claim Form shall be contacted by Class Counsel by email, telephone and/or first class mail no later than three (3) days after the defect has been noticed. Class Counsel shall identify the nature of the defect and instruct the Class Member that to be deemed an Authorized Claimant and receive a Settlement Check the Class Member must cure the defect no later than fourteen (14) days after the Bar Date. Any Class Member who submits a timely claim more than fifteen (15) days after the Bar Date due to documented extraordinary circumstances shall have seven (7) calendar days from the date he or she was contacted by Class Counsel to cure the defect.

**D.** Any Class Member who submits a Claim Form, in whole or in part, and also submits an Opt-Out Statement, shall be contacted by Class Counsel within five (5) days to clarify whether the Class Member intended to opt-out of the settlement or become an Authorized Claimant. Absent a response to the contrary, the Class Member will have been deemed to have opted-out of the settlement.

## 2.5 Class Members who opt-out.

**A.** Class Members who elect to opt-out of the settlement as set forth in this Agreement must fax or postmark a written statement by the Bar Date that: (1) unconditionally states a Class Member's intention to opt out, such as "I opt-out of the settlement in the Abitinos wage case"; (2) includes the Class Member's name, address, and telephone number; and (3) is signed by the Class Member.

**B.** Class Counsel shall stamp the fax or postmark date on the original of each Opt-Out Statement that it receives and send copies of each Opt-Out Statement to Class Counsel and Abitinos' Counsel no later than seven (7) days after receipt.

## 2.6 Objectors

A. Any Class Member who does not submit an Opt-Out Statement, and who wishes to object to the settlement as set forth in this Agreement, must fax or postmark a written statement to Class Counsel within thirty (30) days from the mailing of the Notice. The written objection must (1) clearly identify the written statement as an objection, such as "I object to the settlement in Abitinos wage case"; (2) contain all reasons for the objection; (3) contain the Objector's name, address, and telephone number; and (4) be signed by the Objector.

B. Class Counsel shall stamp the fax or postmark date on the original of each Objection that it receives and email copies of each Objection to Class Counsel and Abitinos' Counsel on a weekly basis.

C. Class Counsel shall promptly file the date-stamped originals of any and all Objections with the Court.

D. The Parties may file with the Court written responses to any filed Objections no later than three (3) days before the Fairness Hearing. Any reasons not included in the written objection shall not be considered by the Court.

E. A valid Objector also has the right to appear at the Fairness Hearing either in person or through counsel retained by the Objector. An Objector who wishes to appear at the Fairness Hearing must clearly state his or her intention to do so in writing on his or her written Objection. It is in the Court's discretion whether to allow the Objector or the Objector's counsel to speak at the Fairness Hearing.

F. An Objector may withdraw his or her objections at any time.

## 3. FAIRNESS HEARING AND FINAL JUDGMENT.

3.1   No later than twenty-one (21) days after the Bar Date, Class Counsel shall provide to Abitinos' Counsel: (a) a list of all Authorized Claimants, (b) a list of all Objectors, and (c) a list of all Class Members who timely submitted an Opt-Out Statement.

3.2   If the aggregate of claims, fees, and costs exceed $515,000.00, Defendant may terminate the settlement agreement on notice to Class Counsel via email. Parties shall convene with Magistrate Judge Katharine H. Parker to try to reconcile before notifying Court of termination.

3.3   Not later than thirty (30) days after the Bar Date, Class Counsel shall submit a Motion for Judgment and Final Approval.

3.4   Class Counsel will file the Motion for Judgment and Final Approval as "unopposed." Abitinos may not oppose such application so long as it is consistent with the terms and conditions of this Agreement. Plaintiffs agree to submit the Motion for Judgment and Final Approval to Abitinos for its review and comments, if any, prior to filing.

3.5   At the Fairness Hearing, the Parties shall request that the Court, among other things, (a) approve the settlement as final, fair, reasonable, adequate, and binding on all Class Members who have not timely opted out, (b) award Costs and Fees, (c) enter judgment in accordance with this Agreement, and (d) dismiss this action with prejudice.

4.   **TERMINATION AND ITS EFFECTS.**

4.1   **Abitinos' Right to Terminate.** Abitinos shall have the absolute discretionary right to terminate this Agreement if the aggregate of claims, fees, and costs exceed $515,000.00. Abitinos must notify Class Counsel with all due haste via e-mail after an election has been made to terminate pursuant to this paragraph.

4.2   If this settlement is not consummated for any reason other than as set forth in Paragraph 4.1, including but not limited to a ruling by the Court declining to enter a Preliminary Approval Order or Final Order, the Parties shall first endeavor to resolve the matter jointly and in good faith with the goal of effectuating settlement. This may include seeking reconsideration of the Court's ruling, renegotiating this Agreement, or taking any other actions to address the reason settlement was not consummated. To the extent such efforts fail, the Parties may then continue to litigate the Action as though this Agreement had never been executed.

4.3   **Effect of Termination or Failure to Obtain Preliminary or Final Approval.** In the event that this Agreement is not approved in its entirety by the Court, excluding modifications that the Parties determine in their reasonable and good faith judgment not to be material modifications, or in the event that the settlement set forth in this Agreement is terminated, cancelled, declared void, or fails to become effective in accordance with its terms, the Parties shall proceed as follows:

   A.   This Agreement shall be deemed null and void and its terms and provisions shall

have no further force or effect.

    **B.**    Neither this Agreement, nor any other related papers or orders, including the Term Sheet, may be cited to, used, or deemed admissible in any judicial administrative or arbitral proceeding for any purpose or with respect to any issue, substantive or procedural.

    **C.**    Litigation shall proceed without prejudice as if this Agreement had not been executed unless the Parties jointly agree to: (1) seek reconsideration or appellate review of the decision denying entry of Judgment, or (2) attempt to renegotiate the settlement and seek Court approval of the renegotiated settlement.

    **D.**    None of the Parties shall be deemed to have waived any claims, objections, defenses, or arguments.

    **E.**    Notwithstanding any other provision of this Agreement, no order of the Court, or modification or reversal on appeal of any order of the Court, reducing the amount of any attorneys' fees or costs to be paid to Class Counsel, or reducing the amount of any Service Payment, shall constitute grounds for cancellation or termination of the Agreement or grounds for limiting any other provision of the Judgment. Class Counsel retains and reserves all rights to appeal or seek reconsideration of any order of the Court reducing the amount of attorneys' fees or costs to be paid to Class Counsel and/or any order of the Court reducing the amount of any Service Payment. Defendant shall not oppose the appeal or motion for reconsideration so long as Class Counsel seeks an amount that does not exceed the amounts contemplated in this Agreement.

    **F.**    If the Agreement is terminated after Class Notice is sent, the Class Counsel shall provide notice to Class Members informing them that the settlement was voided, and that as a result, no payments will be made and that Class Members, whether they submitted a Claim Form or not, retain all rights and privileges under the law, and that litigation in this action will continue. The notice may contain any additional information jointly agreed to by Class Counsel and Abitinos, including but not limited to, an explanation of why the Agreement was terminated. Such notice shall be mailed and emailed by Class Counsel via United States First Class Mail, postage prepaid, to the addresses contained on the Class List and/or to any Updated Address. Class Members whose settlement Notice was returned and for whom there is no Updated Address need not be sent the termination notice by mail.

**5.**     **DISCOVERY**

**5.1**     Nothing in this agreement is intended to limit the Parties' rights to any discovery, including oral depositions, in the event litigation in this action resumes for any reason set forth in this Agreement.

**6.**     **CONSIDERATION AND OTHER PAYMENTS**

## 6.1 Total Settlement Fund.

A. Abitinos agrees to pay up to the Total Settlement Fund (subject to their right to terminate as set forth in Sections 4.1 and 4.2 and not including any additional employer withholding taxes) for all payments to Authorized Claimants and any Court awarded Costs and Fees and Service Awards. No payments shall be made to Class Members who submit Opt-Out Statements or to Class Members who fail to become Authorized Claimants, and amounts allocated for these Class Members from the Total Settlement Amount shall not be paid into the QSF and shall be retained by Abitinos.

B. Within fifteen (15) days of the first installment by Abitinos of the Net Settlement Fund into the QSF in accordance with paragraph 6.2(D) below, Abitinos shall mail the first set of Settlement Checks to Authorized Claimants. Within fifteen (15) days after the second installment by Abitinos of the Net Settlement Fund into the QSF in accordance with paragraph 6.2(D) below, Abitinos shall mail the second set of Settlement Checks to Authorized Claimants. Authorized Claimants shall be notified that they have six months from the date of mailing to cash their Settlement Checks and that Settlement Checks not cashed within six months will be void. The amounts in the QSF attributable to the void and uncashed Settlement Checks shall revert to Abitinos within thirty (30) days after the deadline to cash all Settlement Checks has expired. Authorized Claimants who do not redeem their Settlement Checks shall remain bound by this Settlement. This Agreement and the associated Final Judgment do not and shall not create any unpaid residual with respect to the amounts of uncashed checks, and no distribution of such shall be required. The provisions of any unclaimed property statute or law do not apply to any monies provided pursuant to this Agreement.

## 6.2 Settlement Checks to Authorized Claimants.

A. Each Authorized Claimant shall be issued Settlement Checks by Abitinos from the QSF in accordance with the Final Approval Order.

B. Each Authorized Claimant shall be entitled to receive an individually calculated payment in accordance with the following formula:

1. An Authorized Class Claimant's Individual Gross Amount shall be based on his or her percentage of weeks worked as against all weeks worked by the Class between April 1, 2010 and December 15, 2015, based upon the initial hiring and termination dates for each Class Member which Abitinos will provide to Class Counsel.

2. Each Class Member's percentage is calculated by (1) taking the individual Class Member's total weeks worked during the relevant period as the numerator, and (2) dividing it by the sum of all weeks worked by all Class Members as the denominator. The denominator for each Class Member will be the same number. As a result of this calculation, the total of all Class

Members' numerators must equal the denominator. Thus, the Class Member's adjusted individual weeks worked divided by the sum of all weeks worked for all Class Members, equals his/her individual percentage allocation.

    3. The Net Settlement Fund shall be multiplied by each authorized Claimant's percentage allocation as calculated in Section 6.2(B)(2). This represents the individual amount allocated to each Authorized Claimant – or Individual Gross Amount.

C. Abitinos' records shall be used to determine the number of eligible employment weeks for each Authorized Claimant. In the event an Authorized Claimant disputes his or her employment data, the Parties shall cooperate and provide any evidence to support their respective positions to resolve the dispute. If the Parties are unable to resolve the dispute, the Parties will submit the dispute to Magistrate Judge Katharine H. Parker whose decision will be binding.

D. Within thirty (30) days after the Court grants final approval of the Settlement Agreement and Release, Defendants shall pay to the QSF the first of two equal installments of the Net Settlement Fund to be paid to Class Members. No later than ninety (90) days thereafter, Defendants shall pay to the QSF the second equal installment of the Net Settlement Fund to the QSF to be paid to Class Members.

E. Within thirty (30) days after the Court grants final approval of the Settlement Agreement and Release, Defendants shall pay to Class Counsel the first of six equal monthly installments for all Costs and Fees, for a total of $149,350.00.

### 6.3 Service Award.

A. In return for services rendered to the Class Members, at the Fairness Hearing, Named Plaintiffs shall apply to the Court for a Service Award in an amount not to exceed Three Thousand Dollars ($3,000.00) from the QSF. Abitinos shall not oppose this application.

B. The application for the Service Award is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the settlement of the action. The outcome of the Court's ruling on the application for the Service Award shall not terminate this Agreement or otherwise affect the Court's ruling on the Motion for Final Approval or for Final Judgment and dismissal.

### 6.4 Settlement Amounts Payable as Attorneys' Fees and Costs.

A. Defendants shall guarantee payment of professional fees to Plaintiff's counsel in the amount of $149,350.00. At the Fairness Hearing and Motion for Final Approval, Class Counsel shall petition the Court for an award of attorneys' fees and costs of no more than $149,350.00 to be paid from the QSF. Abitinos shall

not oppose such application, including any appeal or request for reconsideration if the application is denied or modified by the Court.

    B.    The substance of Class Counsel's application for attorneys' fees and costs is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the settlement of the action. The outcome of any proceeding related to Class Counsel's application for attorneys' fees and costs shall not terminate this Agreement or otherwise affect the Court's ruling on the Motion for Final Approval. Class Counsel shall have the right to appeal the Court's determination with respect to their application for attorneys' fees and costs, which shall not be opposed by Abitinos.

    C.    In the event Defendants terminate this agreement pursuant to the terms of Section 4.1 herein, Defendants shall be under no obligation to pay or guarantee payment of any fees or costs set forth in this agreement.

**6.5**    **Tax Characterization.**

    A.    For tax purposes, the payments to Authorized Claimants shall be allocated as follows: wages (50% of each settlement payment), liquidated damages (50% of each settlement payment).

    B.    Abitinos shall report wage payments to the respective payees and to the appropriate taxing authorities on an IRS Form W-2. This portion of the settlement payment shall be subject to applicable employment taxes and withholding taxes.

    C.    Abitinos shall report payments for liquidated damages without tax withholdings to the respective payees and to the appropriate taxing authorities on an IRS Form 1099.

    D.    Abitinos shall report payments of Service Awards without tax withholdings to the respective payees and to the appropriate taxing authorities on an IRS Form 1099.

    E.    Abitinos shall report payments of Costs and Fees without tax withholdings to Class Counsel and to the appropriate taxing authorities on an IRS Form 1099.

    F.    Abitinos shall also calculate all employer payroll taxes with respect to the wage payments made pursuant to this Agreement and file all necessary reports as required by law.

    G.    In the event that it is subsequently determined by any taxing authority that any payee owes any additional taxes with respect to any money distributed under this Agreement, it is expressly agreed that liability for such taxes rests exclusively with that payee, and that neither the Parties, nor Parties' Counsel, is responsible for the payment of such taxes, including any interest and penalties.

**6.6**    **Release of Claims.** By operation of the entry of the Final Order, and except as to such rights or claims as may be created by this Agreement, each Class Member who does not

submit a timely and valid Opt-Out Statement pursuant to this Agreement, fully, finally and forever releases and dismisses with prejudice the Released Class Claims, regardless of whether such individual files a Claim Form.

7. **MISCELLANEOUS PROVISIONS**

7.1 **Confession of Judgment.** All individual and corporate Defendants shall sign a Confession of Judgment in the form annexed hereto as Exhibit D. The Clerk of the Court is herewith authorized to enter judgment upon Plaintiffs' application in accordance with the terms of the Confession of Judgment for the Final Settlement Amount, plus reasonable professional fees, and costs associated with the enforcement, less any amount paid by Defendants pursuant to this Agreement. So long as Defendants adheres to the terms and conditions of this Agreement, Plaintiffs shall take no action to enforce the Confession of Judgment. Defendants authorize Plaintiffs to register the Confession of Judgment in any jurisdiction within the state of New York.

7.2 **Cooperation Between the Parties; Further Acts.** The Parties shall reasonably cooperate with each other and shall use their reasonable best efforts to obtain the Court's approval of this Agreement and all of its terms. Each party, upon the request of any other party, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement.

7.3 **Entire Agreement.** This Agreement constitutes the entire agreement between the Parties with regard to the subject matter contained herein, and all prior and contemporaneous negotiations and understandings between the Parties shall be deemed merged into this Agreement.

7.4 **Binding Effect.** This Agreement shall be binding upon the Parties and, with respect to Named Plaintiffs and all Class Members, their spouses, children, representatives, heirs, administrators, executors, beneficiaries, conservators, attorneys and assigns. Notwithstanding the passage of any legislation, bill, regulation, or other change in the law that may materially affect the rights of the Named Plaintiffs and all Class Members in this Action, this agreement is binding.

7.5 **Arms' Length Transaction; Materiality of Terms.** The Parties have negotiated all the terms and conditions of this Agreement at arms' length. All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement, unless otherwise expressly stated.

7.6 **Captions.** The captions or headings of the sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

7.7 **Governing Law.** This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of New York, without regard to choice of law principles, except to the extent that the law of the United States governs any matter

set forth herein, in which case such federal law shall govern.

**7.8** **Continuing Jurisdiction.** The Parties shall request the Court to retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the settlement contemplated thereby.

**7.9** **Waivers, etc. to Be in Writing.** No waiver, modification or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties and then only to the extent set forth in such written waiver, modification or amendment, subject to any required Court approval. Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

**7.10** **When Agreement Becomes Effective; Counterparts.** This Agreement shall become effective upon its full execution. The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if all Parties had signed the same instrument.

**7.11** **Facsimile and Email Signatures.** Any party may execute this Agreement by causing its counsel to sign on the designated signature block below and transmitting that signature page via facsimile or email to counsel for the other party. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

**7.12** **Construction.** The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties. Each party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any party by virtue of draftsmanship.

**7.13** **Consultation and Authority.** Counsel for the Named Plaintiffs warrants and represents that they have consulted with Named Plaintiffs and have full authority to enter into this Agreement on behalf of the Named Plaintiffs and the Settlement Class.

**WE AGREE TO THESE TERMS,**

VIRGINIA & AMBINDER, LLP

By: _____
James E. Murphy

_____
NOTARY PUBLIC

ARIANNE MARIE SMITH
Notary Public, State of New York
Registration #01SM6283136
Qualified In Kings County
Commission Expires May 28, 2021

_____
DOMINICK ABITINO

STATE OF NEW YORK    )
                     )s.s.
COUNTY OF Kings      )

On January 9th, 2018, before me personally came Dominick Abitino, to me known, and known to me to be the individual described in, and who executed the foregoing Settlement and Release Agreement, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

ARIANNE MARIE SMITH
Notary Public, State of New York
Registration #01SM6283136
Qualified In Kings County
Commission Expires May 28, 2021

_____
SALVATORE ABITINO

STATE OF NEW YORK    )
                     )s.s.
COUNTY OF Kings      )

On January 9th, 2018, before me personally came Salvatore Abitino, to me known, and known to me to be the individual described in, and who executed the foregoing Settlement and Release Agreement, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

ARIANNE MARIE SMITH
Notary Public, State of New York
Registration #01SM6283136
Qualified In Kings County
Commission Expires May 28, 2021

ABITINO FOODS, INC. d/b/a ABITINO'S PIZZERIA, ABITINO'S PIZZA AND RESTAURANT, INC., NO. 2 d/b/a ABITINO'S PIZZERIA, ABITINO'S PIZZA, 49TH STREET CORP. d/b/A ABITINO'S PIZZERIA

Dated: _____

**MANGO & IACOVIELLO, LLP**

By: _____
      Anthony G. Mango

Dated: 1/17/18

_____
MARIO ABITINO Sr.

STATE OF NEW YORK    )
                                  )s.s.
COUNTY OF Kings      )

On January 9th, 2018, before me personally came Mario Abitino Sr., to me known, and known to me to be the individual described in, and who executed the foregoing Settlement and Release Agreement, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

ARIANNE MARIE SMITH
Notary Public, State of New York
Registration #01SM6283136
Qualified In Kings County
Commission Expires May 28, 20 21

_____
MARIO ABITINO, Jr.

STATE OF NEW YORK    )
                                  )s.s.
COUNTY OF Kings      )

On January 9th, 2018, before me personally came Mario Abitino Jr., to me known, and known to me to be the individual described in, and who executed the foregoing Settlement and Release Agreement, and duly acknowledged to me that he executed the same.

By: *Mario Abitino* (signature)
Title: Pres

STATE OF NEW YORK    )
                     )s.s.
COUNTY OF Kings      )

On January 9th, 2018, before me personally came Mario Abitino who, by me duly sworn, did depose and say that deponent is the principal of ABITINO FOODS, INC. d/b/a ABITINO'S PIZZERIA, ABITINO'S PIZZA AND RESTAURANT, INC., NO. 2 d/b/a ABITINO'S PIZZERIA, ABITINO'S PIZZA, 49TH STREET CORP. d/b/A ABITINO'S PIZZERIA, that deponent is a principal of the companies described herein, and which executed the foregoing Settlement Agreement on behalf of the companies described herein and was authorized to do so

*Arianne Marie Smith* (signature)
NOTARY PUBLIC

ARIANNE MARIE SMITH
Notary Public, State of New York
Registration #01SM6283136
Qualified In Kings County
Commission Expires May 28, 2021