Case 1:16-cv-02432-PAE-KHP   Document 114   Filed 11/23/20   Page 1 of 8

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/23/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MIGUEL TADEO individually and on behalf of all
other persons similarly situated who were
employed by ABITINO FOODS, INC.
and MARIO ABITINO, individually,

                              Plaintiff,

                        -against-

ABITINO FOODS, INC. d/b/a ABITINO'S
PIZZERIA, and MARIO ABITINO, individually,

                              Defendants.
------------------------------------------------------------------X

**REPORT & RECOMMENDATION ON PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT**

1:16-cv-02432 (PAE) (KHP)

**TO:** HON. PAUL A. ENGELMAYER, UNITED STATES DISTRICT JUDGE
**FROM:** KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE

      Plaintiffs bring this class action against Defendants Mario Abitino and Abitino Foods, Inc. d/b/a Abitino's Pizzeria (collectively, "Defendants") pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207 and 216(b); New York Labor Law §§ 190 et seq., 663, and 650 et seq.; and 12 New York Codes, Rules, and Regulations §§ 146-1.4 and 146-1.6.  Plaintiffs were employed by Defendants to work in their pizzerias as pizzamakers, dishwashers, cooks, food preparers, delivery persons, food stockers, and counter persons at their various locations throughout New York City, and allege that Defendants failed to pay them proper overtime compensation, failed to provide wage notices in their primary languages, wage statements containing information including their rate of pay, basis of pay, gross wages, and allowances claimed as part of the minimum wage.  Currently pending before the Court is Plaintiffs' unopposed motion for default judgment against Defendants stemming from Defendants' failure

1

to make adequate payments pursuant to the class settlement agreement approved by this Court. For the reasons that follow, I recommend granting Plaintiffs' motion.

### RELEVANT FACTUAL AND PROCERDURAL BACKGROUND

Plaintiffs initiated this putative class action on April 1, 2016, with the filing of their Complaint. (ECF No. 1). On December 6, 2017, during a settlement conference before the undersigned, the parties reached a settlement in principle. (ECF No. 72.) On February 11, 2019, the Honorable Paul A. Engelmayer approved the parties' class action settlement agreement. (ECF No. 89; *see also* Ex. A to the Decl. of Michele Moreno ("Moreno Decl."), ECF No. 111-1 (hereinafter, "Settlement Agreement").) The Settlement Agreement provided for a payment schedule, based off the date the settlement was approved, as follows:

| DATE DUE | AMOUNT DUE |
|---|---|
| MARCH 13, 2019 | $92,146.70 |
| APRIL 12, 2019 | $24,891.67 |
| MAY 12, 2019 | $24,891.67 |
| JUNE 11, 2019 | $92,146.70 |
| JULY 11, 2019 | $24,891.65 |
| AUGUST 10, 2019 | $24,891.65 |
| TOTAL: | $283,860.06 |

The above figures include payments for attorneys' fees, in six equal monthly installments, beginning 30 days after approval, as provided for in the Settlement Agreement. (*Id.* at ¶ 6.2 (E).) Further, all Defendants executed a Confession of Judgment, in which they:

> [C]onfess judgment and authorize entry of judgment against me in favor of Plaintiffs Miguel Tadeo, Ernesto Villegas, Aureliano Tletalpa, and the class, for the

>sum of Five Hundred Fifteen Thousand Dollars ($515,000.00) or the Final Settlement Amount (whichever is less), less any settlement monies already paid, pursuant to the terms of the Settlement Agreement and General Release ("Agreement"), entered into and signed by Plaintiffs and Defendants in the above-captioned proceeding, together with interest from the date of the default to the date of the entry of judgment, and any and all attorneys' fees and costs incurred by Plaintiffs in connection with the enforcement of the Agreement.

(Exhibit B to the Moreno Decl., ECF No. 111-2 (hereinafter, "Confessions of Judgment").)[1] Defendants are currently in default on all payments, with a remaining balance of $273,860.60.

Defendants failed to make the first payment on March 13, 2019. After correspondence between counsel, on April 3, 2019, almost a month after the first payment was due, defense counsel informed Plaintiffs' counsel that Defendants would need an additional two to three weeks to obtain the proper funding to make the payments.

Defendants failed to make the second payment on April 12, 2019 or cure the default of the first payment. Again, counsel engaged in correspondence. On April 26, 2019, defense counsel advised Plaintiffs' counsel that his client intended to make the payments, but needed a couple more weeks to make payments, and requested patience. Accordingly, Plaintiffs gave Defendants until May 15, 2019 to cure their defaults.

Defendants failed to make the third payment on May 12, 2019 or cure the default of the first and second payment.

On May 15, 2019, Plaintiffs filed a motion to enforce the Settlement Agreement and enter judgment against each Defendant, jointly and severally, in the amount of $141,930.04, comprising the first three outstanding and defaulted upon payments. (ECF No. 93.) The parties

---

[1] It is worth noting that despite there only being two formally named Defendants, Confessions of Judgment were provided by both Defendants, as well as Dominick Abitino, Mario Abitino Jr., and Salvatore Abitino.

attended a conference before the undersigned on July 24, 2019, at which the Court acknowledged Defendants inability to pay the contracted for installment amounts, and instead ordered Defendants to make a payments of $5,000 on August 15, 2019 and September 16, 2019, to be put toward the total amount owed under the Settlement Agreement. (ECF No. 98.) Defendants failed to make either of the $5,000 payments by the appointed date.

On September 24, 2019, Defendants did make a payment of $5,000 into the settlement fund. However, while distributing the funds to the Plaintiffs, Plaintiffs' counsel learned that some of the checks were bounced due to insufficient funds, to which defense counsel replied, after being informed, that Defendants would fund the account by November 1, 2019.

On November 1, 2019 Defendants made another $5,000 payment. Again, in the ensuing two weeks, Plaintiffs' counsel learned that no fewer than three checks bounced. After dialogue between the counsels, on November 19 or 20, defense counsel notified Plaintiffs' counsel that Defendants promised to fully fund and replace all checks issued to date by December 4, 2019, as well as make a third $5,000 payment. Defendants ultimately replaced the bounced checks, resulting in a total of $10,000 paid to Plaintiffs.

However, by January 28, 2020, Defendants did not make any additional payments and despite Plaintiffs' counsel's inquiries, Defendants had not informed Plaintiffs of the reason for the failure to make the payments, leading Plaintiffs to request a conference with the Court.

On March 16, 2020 the parties appeared for a telephonic conference before the undersigned. At the conference, Defendants informed the Court that they would make another payment of $5,000 by the end of the month, and the Court granted Plaintiffs permission to

move for a default judgment if no payments were made within the following 60 days.  No additional payments were made following that conference.

Defendants currently owe a balance of $273,860.06 to the Plaintiffs under the terms of the Settlement Agreement.

## LEGAL STANDARDS & JURISDICTION

Like any other litigation that is contractual at heart, as is this motion for default judgment pursuant to a default on the parties' Settlement Agreement, before a federal court can entertain a contract claim, it must first determine it has jurisdiction to hear the claim.  This threshold inquiry is easily satisfied given district courts' inherent power to "enforce summarily, on motion, a settlement agreement reached in a case that was pending before it."  *BCM Dev., LLC v. Oprandy*, 490 F. App'x 409 (2d Cir. 2013) (quoting *Meetings & Expositions Inc. v. Tandy Corp.*, 490 F.2d 714, 717 (2d Cir. 1974)); *see also Bluelink Mktg. LLC v. Carney*, No. 16-cv-7151 (JLC), 2017 WL 4083602, at *4 (S.D.N.Y. Sept. 15, 2017) (determining that the court had the jurisdiction to enforce an alleged settlement agreement reached before it because the motion to enforce was made while the case was pending and not while it was closed or made after judgment).  Further, as evidenced by the recent activity in this case, the Court has been monitoring the parties' conduct under the Settlement Agreement, as provided for in the Settlement Agreement.  (Settlement Agreement, ¶ 7.8.)

## DISCUSSION

Plaintiffs filed this motion for default judgement, seeking enforcement of the Settlement Agreement, and the corresponding Confessions of Judgment, unopposed against Defendants.  The enforceability of the Settlement Agreement has not been contested and is not contestable.  The

5

same is true for the Confessions of Judgments entered into by each Defendant, which in the event of default, calls for an entry of judgment against Defendants, payment in full of the Settlement Agreement balance, plus interest, and plus attorneys' fees and costs. (Confessions of Judgement, ¶ 1.) There is also no dispute that Defendants are in default of each scheduled payment as listed by the duly executed Settlement Agreement, the two separate $5,000 payments notwithstanding. Plaintiffs are entitled to an entry of default judgment against Defendants as their Confessions of Judgment make clear.

The only thing remaining for this Court to discuss in this Report is the appropriate amount of attorneys' fees and costs to award Plaintiffs' counsel incurred in their attempts to enforce the Settlement Agreement against Defendants. *See NetJets Aviation, Inc. v. LHC Commc'ns.*, LLC, 537 F.3d 168, 175 (2d Cir. 2008) ("Under New York law, a contract that provides for an award of reasonable attorneys' fees to the prevailing party in an action to enforce the contract is enforceable if the contractual language is sufficiently clear."). Plaintiff's counsel now seeks an additional $10,427.50 in fees and $218 in costs incurred while attempting to enforce the Settlement Agreement. The work Plaintiffs' counsel claims reimbursement for consists of communications with his clients and opposing counsel, drafting the motion to enforce the settlement agreement, drafting status letters, attending two conferences, and drafting the instant motion for default judgment, which is broken down in great detail in Plaintiffs' counsel's submitted records. (*See* ECF No. 111-5.) Plaintiffs' counsel claims a total of 46.80 hours for this work, at a rate of roughly $222.81 per hour, for a total of $10,427.50. (*Id.*) While Plaintiffs' counsel did not provide the Court with information regarding counsel's professional background and typical rates, I recommend finding that the hourly rate charged by

6

Plaintiffs' counsel of $222.81 is imminently reasonable in light of other rates approved by this Court in cases involving similar subject matters and complexities. *See, e.g.*, Report & Recommendation at 30-31, *Ramirez v. Devoe*, No. 19-cv-0563 (AT) (KHP) (S.D.N.Y. July 20, 2020) ECF No. 74 (collecting cases). After reviewing the detailed breakdown of Plaintiffs' counsel's time roughly 47 hours spent in enforcing the Settlement Agreement and seeking default judgment, I also recommend finding that the time for which reimbursement is sought is also reasonable. The corresponding costs incurred in conducting legal research are also reasonable. Therefore, I recommend awarding Plaintiffs' counsel the requested amount of fees and costs in full.

## CONCLUSION

In light of the above, I recommend granting Plaintiffs' motion for default judgment against Defendants as a result of Defendants' breach of the Settlement Agreement, over which this Court has maintained jurisdiction. I further recommend granting Plaintiffs' the requested amount in attorneys' fees and costs in addition to the amounts to which Plaintiffs' are entitled as specified in the Confessions of Judgment. Should this Report be adopted, I therefore recommend Judgment be entered in favor of Plaintiffs, with the remaining balance under the Settlement Agreement ($273,860.06), plus interest (as calculated by the Clerk of Court), plus the additional attorneys' fees and costs ($10,645.50), to be paid by Defendants.

Dated: November 23, 2020
New York, New York

Respectfully Submitted,

_____
KATHARINE H. PARKER
United States Magistrate Judge

**NOTICE**

**Plaintiff shall have fourteen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure.** *See also* **Fed. R. Civ. P. 6(a), (d) (adding three additional days only when service is made under Fed. R. Civ. P. 5(b)(2)(C) (mail), (D) (leaving with the clerk), or (F) (other means consented to by the parties)). Defendants shall have seventeen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure.**

**If Plaintiff files written objections to this Report and Recommendation, Defendants may respond to Plaintiff's objections within seventeen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Alternatively, if Defendants file written objections, Plaintiff may respond to such objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2);** *see also* **Fed. R. Civ. P. 6(a), (d). Such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Paul A. Engelmayer at the United States Courthouse, 40 Foley Square, New York, New York 10007, and to any opposing parties. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Engelmayer. The failure to file these timely objections will result in a waiver of those objections for purposes of appeal.** *See* **28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b);** *Thomas v. Arn***, 474 U.S. 140 (1985).**