UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MIGUEL TADEO, *individually and on behalf of all other persons similarly situated who were employed by ABITINO FOODS, INC.*, ERNESTO VILLEGAS, *individually*, and AURELIANO TLETALPA, *individually and on behalf of all other persons who were employed by Abitino Foods, Inc.*,

                                        Plaintiffs,

                    -v-

ABITINO FOODS, INC. d/b/a ABITINO'S PIZZERIA and MARIO ABITINO, *individually*,

                                        Defendants.

---

16 Civ. 2432 (PAE) (KHP)

OPINION &
ORDER

PAUL A. ENGELMAYER, District Judge:

On April 1, 2016, plaintiffs commenced this action under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") against defendants Mario Abitino and Abitino Foods, Inc., d/b/a Abitino's Pizzeria ("Abitino"). On February 28, 2017, the parties stipulated to the case's certification as a collective action, which the Court approved. Dkt. 32. On March 20, 2017, the Court referred the case for settlement to United States Magistrate Judge Kevin Nathaniel Fox. Dkt. 46. On December 6, 2017, United States Magistrate Judge Katharine H. Parker (who had been reassigned to the case) held a settlement conference at which the parties reached a settlement in principle. Dkt. 72. On February 11, 2019, the Court held a fairness hearing on the parties' proposed settlement agreement, and approved the agreement. Dkt. 89; Dkt. 84-4 ("Settlement Agreement").

The Agreement set forth a payment schedule from the date the settlement was approved. The Agreement called for two equal installments to be paid into the Qualified Settlement Fund 30 and 90 days after approval of the Agreement, Settlement Agreement ¶ 6.2(D), and six equal monthly payments of attorneys' fees and costs, beginning 30 days after approval, *id.* ¶ 6.2(E). Altogether, based on the opt-in rate of plaintiffs to the Settlement Agreement, defendants were required to pay a total of $283,860.06.  Dkt. 111 ("Moreno Decl.") ¶ 5.  Further, each defendant, and a number of other individuals apparently related to defendant Mario Abitino, executed confessions of judgment, in which they authorized entry of judgment against themselves by plaintiffs for the full outstanding settlement amount plus interest, attorneys' fees, and costs.  *Id.*, Ex. B ("Confessions of Judgment").

After the defendants failed to make the first three payments due under the Agreement, plaintiffs moved to enforce the Settlement Agreement.  Dkt. 93.  They sought $141,930.04—the amount of the first three defaulted payments due.  *Id.* at 5.  Since then, Judge Parker has held a number of conferences with the parties to monitor and review defendants' noncompliance with the terms of the Agreement.  *See, e.g.*, Dkts. 97–101.  Over the course of those negotiations, defendants have paid $10,000 to plaintiffs in total, but have otherwise defaulted on all payments required by the Settlement Agreement.  Moreno Decl. ¶ 5.  Accordingly, defendants currently owe a balance of $273,860.06 to plaintiffs under the Agreement.

On June 9, 2020, plaintiffs moved for a default judgment against defendants, seeking both the defaulted amounts under the Agreement and an additional $10,645.50 in attorneys' fees and costs incurred by plaintiffs enforcing the Agreement.  Dkts. 110–12.  Pending now is Judge Parker's Report and Recommendation, which recommends granting that motion in full.  *See* Dkt. 114 ("Report").  For the following reasons, the Court adopts that recommendation.

**DISCUSSION**

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record."  *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950 (KPF), 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

As no party has submitted objections to the Report, review for clear error is appropriate. Careful review of Judge Parker's Report reveals no facial error in its conclusions.  The Report is therefore adopted.  Because the Report explicitly states that the parties "shall have fourteen (14) days from the service of this Report and Recommendation to file written objections" and that "failure to file these timely objections will result in a waiver of those objections for purposes of appeal," Report at 8, defendants' failure to object operates as a waiver of appellate review.  *See Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) (citing *Small v. Sec'y of Health & Hum. Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)).

**CONCLUSION**

Accordingly, the Court grants plaintiffs' motion for a default judgment.  Judgment is entered in favor of plaintiffs in the amount of the remaining settlement balance ($273,860.06), plus interest to be calculated by the Clerk of Court, and attorneys' fees and costs ($10,645.50[1]).

---

[1] At different points, plaintiffs' identify this amount as both $10,645.50 and $10,670.50.  *See* Moreno Decl. ¶¶ 11, 18.  The billing statements plaintiffs submitted reflect that the first number is correct, as Judge Parker also appears to have found (and to which plaintiffs have not objected). *See* Moreno Decl., Ex. E at 4–5; Report at 7.

SO ORDERED.

*Paul A. Engelmayer*

PAUL A. ENGELMAYER
United States District Judge

Dated:  December 9, 2020
        New York, New York